Mr. Laurence Feingold Miami Beach City Attorney Post Office Box O Miami Beach, Florida 33119-2032
Dear Mr. Feingold:
On behalf of the City of Miami Beach and the Bass Museum Board of Trustees, you ask:
May the Bass Museum Board of Trustees permit a member of the board to attend and participate in board meetings by telephone?
In sum:
A member of the Bass Museum Board of Trustees, a public body subject to the Government-in-the- Sunshine Law, may be allowed to participate in board meetings by telephone.
According to your letter, in 1963 the City of Miami Beach and John and Johanna Bass entered into an agreement in which the John and Johanna Bass art collection was donated to the city in exchange for the city's maintenance of the collection in a municipal facility. Pursuant to this agreement, the hanging, displaying, placement, management, and day-to-day operations associated with the museum and the collection are entrusted to a board of trustees. The board consists of the city manager of the City of Miami Beach, the president of a support group for the museum, the chairperson of the chamber of commerce, and two members of the Bass family. One of the Bass family members who is a trustee of the museum currently lives in California and has health problems.
According to information you have supplied to this office, the board is a public body subject to the Government-in-the-Sunshine Law. In order to accommodate the out-of-state board member, the Bass Museum Board of Trustees has asked whether a member of the board may participate and vote in meetings by telephone without violating the provisions of the Government-in-the-Sunshine Law. Your letter assumes that a quorum of the Bass Museum Board of Trustees would otherwise be present for the public meeting.
Section 286.011, Florida Statutes, Florida's Government-in-theSunshine Law, provides that:
All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
On a number of occasions this office has opined regarding the practice of conducting public business by telephone and the compliance of this practice with the Sunshine Law. An informal opinion issued in 1982 considered whether an incapacitated city commissioner could vote by telephone on ordinances, resolutions, and other matters that would come before the city commission during its regularly scheduled meetings without violating the Sunshine Law.[1] An arrangement had been made so that the commis-sioner could vocally express a vote by the use of a telephone connection that was amplified so that the attendees at the public meeting and the television audience could hear the commissioner's comments and votes. The opinion stated that:
[T]elephone conversations between public officials on aspects of the public's business are part of the process which ultimately leads up to final recorded action in a formal public meeting, and they may not be held covertly. These conversations come within the ambit of the Sunshine Law and must be subjected to the scrutiny of the public to the greatest extent possible.[2]
The informal opinion recognized that the arrangement of telephone exchanges provided for a public interchange of ideas at a regularly scheduled and noticed commission meeting, and concluded that this arrangement would not violate section 286.011, Florida Statutes.
In a more recent opinion reflecting the dramatic advances in communications media technology, it was determined that a county commissioner who was physically unable to attend a commission meeting because of medical treatment could participate and vote in a commission meeting by using an interactive video and telephone system.[3] The system under consideration enabled the commissioner to see the other members of the board and the audience, and the board and audience were able to see her. However, unlike the situation you have described, the opinion recognizes that there is a statutory requirement[4] that meetings of boards of county commissioners must be held at an appropriate public place in the county.
The use of communications media technology is now commonplace and the opinion points out that state agencies are required to adopt rules establishing procedures for conducting meetings, hearings, and workshops by means of this technology. While the Bass Museum Board of Trustees is not a state agency that would be subject to the requirements of section 120.53(6), Florida Statutes, requiring state agencies to adopt rules for conducting meetings by means of communications media technology, the board may look to the model rules promulgated pursuant to this statute for direction in conducting telephone meetings.[5]
Thus, it is my opinion that the Bass Museum Board of Trustees may agree to allow an out-of-state member to participate in meetings by telephone by satisfying the requirements of the Government-in-the-Sunshine Law. Compliance would involve providing notice and access to the public at such meetings through the use of such devices as a speaker telephone that would allow the absent member to participate in discussions, to be heard by the other board members and the public and to hear discussions taking place during the meeting.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Inf. Op. Att'y Gen. to Bryan Henry, dated July 26, 1982.
[2] And see, Op. Att'y Gen. 71-32 (1971).
[3] See, Op. Att'y Gen. 92-44 (1992).
[4] See, s. 120.53(6), Fla. Stat. (1993), and Fla. Admin. Code Ch. 28-8, which was adopted "to implement the provisions of Section120.53(6), F.S., by providing general procedures to be followed by an agency which desires to conduct a meeting or workshop by means of communications media technology or in conjunction with communications media technology."
[5] Florida Administrative Code Chapter 28-8.